# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WARREN WEBER,<br><br>Defendant. | CR 23-04-H-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I.  Synopsis

Defendant Warren Weber (Weber) has been accused of violating the conditions of his supervised release.  Weber admitted alleged violations 1 and 2.  Weber denied alleged violation 3.  The Court dismissed alleged violation 3 on the government's motion.  Weber's supervised release should be revoked.  Weber should be placed in custody for 6 months, with a lifetime of supervised release to follow.

## II.  Status

Weber pleaded guilty to five crimes on April 17, 2008.  (Doc. 1-1 at 6).  Senior United States District Judge Lacey A. Collier sentenced Weber to 180 months of custody, followed by supervised release for life.  (Doc. 1-3 at 4).

Weber's current term of supervised release began on December 10, 2020.  (Doc. 3 at 2).

**Petition**

The United States Probation Office filed a Petition on January 23, 2023, requesting that the Court revoke Weber's supervised release.  (Doc. 3).  The Petition alleged that Weber had violated the conditions of his supervised release: 1) by failing to follow the instructions of his probation officer; 2) by possessing pornographic material; and 3) by possessing materials that depicted sexual activity with minors.

**Initial appearance**

Weber appeared before United States Magistrate Judge Timothy J. Cavan for his initial appearance on February 8, 2023.  Weber was represented by counsel. Weber stated that he had read the petition and that he understood the allegations. Weber waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 21, 2023.  Weber admitted that he had violated the conditions of his supervised release: 1) by failing to follow the instructions of his probation officer; and 2) by possessing

pornographic material.  The Court dismissed alleged violation 3 on the government's motion.  The violations that Weber admitted are serious and warrant revocation of Weber's supervised release.

Weber's violations are Grade C violations.  Weber's criminal history category is I.  Weber's underlying offenses are Class A, B and C felonies.  Weber could be incarcerated for up to 60 months.  Weber could be ordered to remain on supervised release for up to life.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Weber's supervised release should be revoked.  Weber should be incarcerated for 6 months, with a lifetime of supervised release to follow.

### IV.  Conclusion

The Court informed Weber that the above sentence would be recommended to Chief United States District Judge Brian Morris.  The Court also informed Weber of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Weber that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Warren Weber violated the conditions of his supervised release: by failing to follow the instructions of his probation officer; and by possessing pornographic material.

The Court **RECOMMENDS:**

That the District Court revoke Weber's supervised release and commit Weber to the custody of the United States Bureau of Prisons for 6 months, with a lifetime of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations.  Failure

to timely file written objections may bar a de novo determination by the district

court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 22nd day of March, 2023.

John Johnston
United States Magistrate Judge